# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 18, 2021

Lyle W. Cayce
Clerk

No. 20-40355

Isreal Hudgins,

*Plaintiff—Appellant*,

*versus*

Warden Jeffrey Catoe; Michael Britt; Michael Collum; Julie D. Bales; Susan A. Mullinax; Blair Pack; Deborah Roden; Rebecca Cox; Jean Sparks; Jose Gonzales; Michael McNeil,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:19-CV-403

Before Clement, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:*

Isreal Hudgins, Texas prisoner # 1649033, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's orders dismissing his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915A(b)(1), and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

denying his motion for reconsideration.  Hudgins raised numerous claims against the defendants, alleging that they violated his constitutional rights by denying him due process and the right to redress in connection with the prison disciplinary proceedings, retaliating against him for seeking redress, subjecting him to cruel and unusual punishment by placing him in administrative segregation based on a void disciplinary conviction and denying him access to courts.  The district court dismissed some claims as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and dismissed the remainder of the claims for failure to state a claim upon which relief may be granted.  In denying Hudgins's IFP motion, the district court certified that the appeal is not taken in good faith.

By moving to proceed IFP, Hudgins is challenging the district court's certification.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Thus, his request "must be directed solely to the trial court's reasons for the certification decision."  *Id*.  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Hudgins provides no argument challenging the district court's reasons for certifying that his appeal is not taken in good faith.  Further, while he states that defendants denied him access to courts and that his continued housing in administrative segregation implicates a protected liberty interest, he does not address the district court's reasons for dismissing those claims or identify any error with the district court's resolution of those claims.  Although we liberally construe briefs of pro se litigants, *see Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995), Hudgins has abandoned any challenge to the certification decision and has failed to show that he will raise a nonfrivolous issue for appeal by failing to point to any error in the district court's decision.

No. 20-40355

*See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Howard*, 707 F.2d at 220.

Further, although he challenges the denial of his motion for the appointment of counsel in the district court, he has not made an arguable showing of exceptional circumstances and, thus, has not shown a nonfrivolous basis for contending that the ruling was a "clear abuse of discretion." *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987); *see Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). He has also failed to show extraordinary circumstances warranting the appointment of appellate counsel, *see Ulmer*, 691 F.2d at 212, and his motion for the appointment of appellate counsel is therefore DENIED.

Accordingly, Hudgins' motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED AS FRIVOLOUS.